Moser v. Anderson                    CV-93-634-B    04/09/98

**UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


**Pamela L. Moser, et al.**


        **v.**                                      C-93-634-B


**Carole A. Anderson, et al.**


**O R D E R**

Pamela Moser, Nathan Strout, and Sharon Wieprecht have brought this class action complaint against the Merrimack, Strafford, and Carroll County houses of correction, claiming that they were illegally strip searched. The named plaintiffs represent a class of "all persons who were held in the defendants' jails in protective custody or for an offense no greater than a misdemeanor or a violation, which did not include the possession of weapons or contraband as an element of the offense, and who were subject to a strip search pursuant to the defendants' custom, practice, or policy after December 3, 1990 in Merrimack County House of Correction and after February 15, 1992 in Strafford and Carroll County [h]ouses of [c]orrection." Plaintiffs have filed a motion for partial summary judgment seeking a declaration that the defendants each had in place an unconstitutional strip-search policy during the class period.

Defendants concede that each defendant had a strip-search policy in place during the class period that required jail officials to strip search all detainees upon admission. Further, as I previously held in denying Strafford County's motion for summary judgment, in most cases, the Constitution bars jail officials from strip searching an inmate detained in protective custody or for a minor violation unless the person conducting the search has a reasonable suspicion that the inmate is concealing weapons or contraband. See Order dated November 25, 1996. Because the authority for this conclusion is overwhelming, I stand by my earlier ruling. See, e.g., Wachtler v. County of Herkimer, 35 F.3d 77, 81 (2d Cir. 1994); Chapman v. Nichols, 989 F.2d 393, 395 (10th Cir. 1993); Act Up!/Portland v. Bagley, 988 F.2d 868, 871-72 (9th Cir. 1993); Watt v. City of Richardson Police Dep't, 849 F.2d 195, 197 (5th Cir. 1988); see also Wood v. Clemons, 89 F.3d 922, 929 (1st Cir. 1996) (applying same standard to stip searches of prison visitors); United States v. Uricoechea-Casallas, 946 F.2d 162, 166 (1st Cir. 1991) (applying same standard to border searches).

Defendants have produced evidence suggesting that some of the plaintiff class members eventually were transferred from protective custody into the general inmate population. A few

courts in other jurisdictions have suggested that an inmate who faces an imminent transfer to the general population may be strip searched irrespective of whether jail officials have a reasonable suspicion that the inmate is concealing weapons or contraband. See, e.g., Dobrowolskyj v. Jefferson County, Ky., 823 F.2d 955, 958-59 (6th Cir. 1987); Cottrell v. Kaysville City, Utah, 994 F.2d 730, 735 (10th Cir. 1993) (dictum); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1448 (9th Cir. 1991) (dictum). Relying on this authority, defendants contend that their strip-search policies were constitutional.

I am unpersuaded by defendants' argument. Defendants' strip-search policies required all detainees to be searched without regard to whether they were to be held in the general population. Even if I assume, as defendants claim, that strip searches of inmates who are about to be moved into the general inmate population can be justified by defendants' heightened need to prevent detainees from passing weapons and contraband to other inmates, that concern could be addressed by strip searching inmates only if and when they are to be transferred. Defendants' concern could not possibly justify their more troubling practice of strip searching all inmates without regard to whether they would, in fact, be transferred into the general population.

Accordingly, I reject defendants' argument.

Plaintiffs' Phase I Motion for Summary Judgment (document no. 120) is granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

April 9, 1998

cc:   James P. Loring, Esq.
      Dort S. Bigg, Esq.
      Joseph L. Hamilton, Esq.
      William G. Scott, Esq.
      Donald E. Gardner, Esq.
      Malcolm McNeill, Jr., Esq.